# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1456V
### Filed: May 25, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| OLGA GALVIS, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Tetanus, Diphtheria, acellular Pertussis |
| | * | ("Tdap") Vaccine; Shoulder Injury |
| SECRETARY OF HEALTH | * | Related to Vaccine Administration; |
| AND HUMAN SERVICES, | * | ("sirva"); Special Processing Unit |
| | * | ("SPU") |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*John Howie, Jr., Howie Law, P.C., Dallas, TX, for petitioner.*
*Lisa Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On December 2, 2015, Olga Galvis ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused in fact by the tetanus, diphtheria, acellular pertussis ("Tdap") vaccination she received on August 14, 2014. Petition at 1, ¶ 19. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 12, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for her shoulder injury. On May 24, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $92,322.28. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $92,322.28 in the form of a check payable to petitioner, Olga Galvis.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **OLGA GALVIS**, | \* | |
| | \* | |
| Petitioner, | \* | **No. 15-1456** |
| | \* | CHIEF SPECIAL MASTER |
| v. | \* | NORA BETH DORSEY |
| | \* | |
| **SECRETARY OF HEALTH AND** | \* | |
| **HUMAN SERVICES**, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.      Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$92,322.28, which represents all elements of compensation to which petitioner would be entitled

under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

### II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment of $92,322.28 in the form of a check payable to petitioner.[2]

Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2]  Petitioner is a competent adult.  Proof of guardianship is not required in this case.

2

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/ Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4099

Dated: May 24, 2016